**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DEBORA A. MITCHELL,**

        **Plaintiff,**                              Civil Action No. 17-cv-14085

        v.                                      District Judge Laurie J. Michelson

**COMMISSIONER OF**                     Magistrate Judge Mona K. Majzoub
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Debora Ann Mitchell seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 15). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## II.     PROCEDURAL HISTORY

In October of 2014, Plaintiff filed an application for Supplemental Security Income ("SSI") benefits, alleging that she became disabled on June 10, 2014. (TR 14, 147–153.) In December of 2014, Plaintiff filed an application for Disability Insurance Benefits ("DIB") with the same alleged onset date. (TR 154–155.) The Social Security Administration initially denied Plaintiff's claims on April 29, 2015. (TR 14.) On September 12, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Anthony R. Smereka. (TR 29–64.) On November 3, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 14–24.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on October 26, 2017. (TR 1–3.) On December 19, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 14; docket no. 15.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 14, pp. 2–17.) In addition, the ALJ summarized Plaintiff's medical record (TR 16–23), and Defendant adopted the ALJ's recitation of the facts (docket no. 15, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured-status requirements of the Social Security Act through December 31, 2019, and that she had not engaged in substantial gainful activity since June 10, 2014, the alleged onset date. (TR 16.) The ALJ found that Plaintiff had the following severe impairments: "bilateral carpal tunnel syndrome and status post fracture and open reduction internal fixation surgery on left big toe." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 19.)

The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following non-exertional limitations:

- No work around hazards including work at unprotected heights or around dangerous moving machinery;
- No climbing of any ladders, ropes, or scaffolds;
- No more than occasional climbing of ramps or stairs;
- No more than occasional balancing, stooping, kneeling, crouching and no crawling;
- No driving in the course of employment or the use of foot controls;
- No constant handling or fingering but the claimant retains the ability for frequent handling or fingering.

(TR 20–23.) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of Plaintiff's past relevant work as an assembler. (TR 23.) Accordingly, the ALJ concluded that Plaintiff was not disabled from June 10, 2014 through the date of the decision. (TR 24.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the

4

conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

Plaintiff raises three objections to the ALJ's decision. (Docket no. 14.) First, Plaintiff contends that the ALJ misinterpreted the report of consultative examiner Scott Lazzara, M.D. (*Id.*

5

at 18–21.) Second, Plaintiff alleges that the ALJ improperly gave only limited weight to the opinion of Plaintiff's treating physician, Michael Diment, D.O. (*Id.* at 21–26.) Third, Plaintiff argues that the ALJ improperly evaluated Plaintiff's subjective complaints about her symptoms. (*Id.* at 26–30.)

### 1. Dr. Lazzara's Opinion

Plaintiff contends that the ALJ incorrectly interpreted the opinion of consultative examiner Scott Lazzara, M.D. (*Id.* at 18.) According to Plaintiff, Dr. Lazzara proposed limitations that conflict with the ALJ's RFC assessment and would preclude performance of Plaintiff's past relevant work.

In his decision, the ALJ briefly summarized Dr. Lazzara's opinion and determined that, "[c]ontrary to the inference in [Plaintiff's] brief, Dr. Lazzara did not opine as to significant lifting and standing limitations." (TR 22.) In the brief referenced by the ALJ, Plaintiff contended that Dr. Lazzara "concluded that she was limited to lift/carry less than 15 lbs., i.e., less than light exertional limit, no repetitive push-pull, and occasional stoop or squat." (TR 250.) The ALJ disagreed, finding that "[Plaintiff's] brief cited statements that were the claimant's report of her limitations that she gave as a history" and that those statements "w[ere] not Dr. Lazzara's assessment of [Plaintiff's] functional limitations." (TR 22.)

Dr. Lazzara's opinion recites Plaintiff's self-reported limitations, including that she "can stand for about 30 minutes" and "can lift about 10 pounds." (TR 392.) In addition, however, Dr. Lazzara appended to his opinion a "Neurologic and Orthopedic Supplemental Report," which contains Dr. Lazzara's assessment of Plaintiff's "current abilities." (TR 389.) In this section of his report, Dr. Lazzara opines that Plaintiff can carry no more than fifteen pounds without repetition (*Id.* (under the "Carry" row, Dr. Lazzara indicates "< 15 0 repitn [*sic*]").) Dr. Lazzara

6

also indicated that Plaintiff could push and/or pull less than fifteen pounds and could only occasionally stoop and squat. (*Id.*)

Accordingly, the ALJ misinterpreted Dr. Lazzara's opinion. Defendant asserts that this oversight "is at most harmless error." (Docket no. 15, p. 6.) However, the RFC conflicts with Dr. Lazzara's proposed limitations on Plaintiff's ability to carry, push and pull, and the ALJ failed to expressly discredit Dr. Lazzara's opinion.

"If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). Violation of this regulation is a basis for remand. *See Postell v. Comm'r of Soc. Sec.*, No. 16-13645, 2018 WL 1477128, at *15 (E.D. Mich. Mar. 1, 2018) (recommending remand where the ALJ "neither assigned weight to nor discussed [the consultative examiner's] RFC opinion, and [the consultative examiner's] opinion is not consistent with the assessed RFC"); *Kolasa v. Comm'r of Soc. Sec.*, No. 13-CV-14311, 2015 WL 1119953, at *10 (E.D. Mich. Mar. 11, 2015) (remanding "because the ALJ disregarded the applicable regulations in considering the State agency consultant's opinion").

Defendant asserts that Dr. Lazzara's proposed limitations, even if adopted, would not preclude the performance of Plaintiff's past relevant work as an assembler. (Docket no. 15, p. 7.) In particular, Defendant contends that "Plaintiff testified that her assembler job generally required lifting 10-15 pounds." (*Id.*) However, Plaintiff testified that the assembler position "sometimes" required her to lift "a little bit more" than fifteen pounds. (TR 33.) In addition, the ALJ did not ask Plaintiff or the VE about the pushing/pulling requirements of the assembler job. Those questions must be addressed on remand.

7

Because the ALJ failed to either adopt Dr. Lazzara's proposed limitations or provide a basis for omitting those limitations, the case should be remanded to the ALJ for further consideration.

### 2. *Remaining Objections*

Because the undersigned recommends that the case be remanded on the basis of the above discussion, judicial economy favors deferring analysis of Plaintiff's remaining objections.

## VI.   CONCLUSION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 15) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

### **REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response will be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response will address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 28, 2018            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: November 28, 2018            s/ Leanne Hosking
                                    Case Manager