UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORA A MITCHELL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 17-cv-14085
Honorable Laurie J. Michelson

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [22]**

Plaintiff Debora Mitchell was denied disability benefits by the Social Security Administration and appealed to this Court for review with the help of her attorney, Randall E. Phillips. After the Court remanded the case to the Administrative Law Judge for further proceedings, the ALJ determined Mitchell to be disabled and awarded prospective and retroactive benefits. Attorney Phillips now petitions this Court for an award of attorney fees pursuant to 42 U.S.C. § 406(b).

**I.**

After the Commissioner of Social Security denied Mitchell's applications for Social Security Income ("SSI") and Social Security Disability Insurance ("SSDI"), Mitchell retained Phillips to appeal the denials. (*See* ECF 22-2.) Mitchell entered into a contingency fee agreement with Phillips. In relevant part, the agreement provided that "If any additional appeals are taken, to the Appeals Council or Federal Court . . . then the fee would be calculated strictly as 25% of retroactive benefits for claimant and family." (ECF No. 22-2, PageID.683.)

A brief summary of the procedural history in this case helps with deciding Michell's motion for attorney's fees. After an Administrative Law Judge held a hearing and denied her claim, Mitchell filed a complaint with this Court requesting judicial review. (ECF No. 1.) Magistrate Judge Mona K. Majzoub recommended that the case be remanded because of errors by the ALJ. (ECF No. 17, PageID.589–590.) The Court accepted her recommendation and remanded the case. (ECF No. 18.) On remand, the ALJ found that Mitchell was entitled to SSI and SSDI disability benefits beginning in March 2015. (*See* ECF No. 22, PageID.660.) At oral argument, Phillips and the Commissioner agreed that the total amount of benefits awarded is $44,408.48. From this total award, the Social Security Administration (SSA) is withholding $11,102.12, which amounts to 25 percent of Mitchell's past-due benefits, to pay attorney's fees. (ECF No. 22-3, PageID.686.)

Phillips now petitions the Court for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $11,102. (ECF No. 22.)

## II.

Section 406(b) of the Social Security Act authorizes the Court to award attorney's fees following the successful disposition of a Social Security disability appeal. The statute allows the Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Any award under § 406(b) is taken from the claimant's awarded past-due benefits. *Id.*

### A.

Courts have an independent obligation to assess the reasonableness of an attorney's fee request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). But because the Social Security Act does not displace contingency fee agreements that are within the 25 percent ceiling, due deference should be given to those agreements. *Id.* at 793.

As long as the contingency fee is 25 percent or less, there is a rebuttable presumption that an attorney should receive the full contingency fee under the contract "unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Here, there is no indication that Phillips engaged in improper conduct or was ineffective in his representation of Mitchell.

And the fee amount of $11,102.12 that Phillips is requesting would not be a windfall. There can be no windfall when the effective hourly rate requested by an attorney is "less than twice the standard rate for such work in the relevant market." *Id.* at 422. Other courts in this District have found a standard hourly rate of $250. *See Acosta v. Comm'r of Soc. Sec.*, No. 14-10212, 2017 WL 372000, at *1 (E.D. Mich. Jan. 26, 2017); *Parish. v. Comm'r of Soc. Sec.*, No. 13-CV-14410, 2017 WL 3084371, at *3 (E.D. Mich. July 20, 2017). Phillips attests that he and others in his firm expended 37.6 hours of work on the case before this Court. (ECF No. 21, PageID.618.) So the requested award of $11,102.12 would result in an effective hourly rate of $295. This hourly rate is less than twice the standard rate in this District, i.e., less than $500. As such it is not a windfall.

So the Court finds that Phillips's request for $11,102.12 in attorney's fees pursuant to § 406(b) is reasonable.

**B.**

But the determination that the requested fee under § 406(b) is reasonable does not end the Court's inquiry.

In addition to his request for fees from this Court under § 406(b), Phillips has also filed a fee petition with the SSA pursuant to § 406(a) requesting $10,000 in attorney's fees to be paid

3

from Mitchell's past-due benefits. (ECF No. 22, PageID.666; ECF No. 26-2, PageID.753.) *See also* 42. U.S.C. 406(a).

Phillips argues that the Court should award him the full 25 percent he requests regardless of his other pending fee petition before the SSA. Phillips correctly states that under *Culbertson v. Berryhill*, 139 S. Ct. 517, 521 (2019), "there is no combined limit of 25% for 406(a) and 406(b) fees," although both are paid from a claimant's past-due benefits. But Phillips is also bound by his fee agreement with Mitchell. That agreement states that Phillips's fee shall be "calculated strictly as 25% of retroactive benefits." (ECF No.22-2, PageID.683.) So under his contract with Mitchell, Phillips is entitled to no more than $11,102.12 in total fees.

The Court acknowledges that it cannot direct the SSA's action on Phillips' petition pursuant to § 406(a). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[E]ach tribunal may award fees only for the work done before it."). In a similar case, the court reduced its § 406(b) award amount by the amount already paid out of the withheld funds (under § 406(a)) in order to uphold the contractual limit of the attorney's contingency fee agreement. *See Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, at *5 (E.D. Mich. Aug. 5, 2015), *report and recommendation adopted,* No. 11-CV-15335, 2015 WL 5772000 (E.D. Mich. Oct. 2, 2015). In Mitchell's case, according to the Defendant's proffer during the May 12, 2020 hearing, the § 406(a) petition is still pending before the SSA. So the Court cannot take the exact same approach as *Ballatore* and simply subtract the amount of the § 406(a) fee from the amount Phillips now requests from the Court.

But the logic of *Ballatore* still applies: a federal court should do what it can to ensure that the combined amount sought in an SSA fee petition and a federal court motion for fees does not exceed the limit set in the attorney's fee agreement. As such, the Court will award the full amount

4

of fees being sought here, 25 percent of Mitchell's past-due benefits, upon notice from Philips, placed on the docket, that he has withdrawn his fee petition currently pending before the SSA.

## C.

Not only has Phillips filed a petition with the SSA for $10,000 of Mitchell's benefits in addition to seeking 25 percent of Mitchell's benefits from this Court, statements made during the May 12 hearing suggest that Phillips thinks he may be entitled to other fees as well. The Court previously awarded Phillips $7,144 in attorney's fees under the Equal Access to Justice Act (EAJA). (*See* ECF No. 20.) During the hearing, Phillips suggested that he is entitled to keep the $7,144 EAJA fee he already received, along with the $11,102.12 fee awarded today. If that is what Phillips believes, he is mistaken.

The contingency fee agreement between Phillips and Mitchell states in no uncertain terms that he and his firm are entitled to exactly 25 percent of retroactive benefits awarded to Mitchell. (ECF No. 22-2, PageID.683.) The parties agree that Mitchell was awarded $44,408.48 in retroactive benefits. Therefore, Phillips is entitled to a fee of exactly $11,102.12. The Court today awards Phillips $11,102.12 in attorney's fees under § 406(b), which will be paid from the 25 percent of Mitchell's retroactive benefits currently held by the SSA. Phillips has thus received the full amount of attorney's fees permitted under his contingency agreement. He is not entitled to any additional fees for this case, regardless of the source.

Phillips must refund the $7,144 already awarded to him by this Court under the EAJA. Phillips himself previously assured the Court that he would refund this amount to Mitchell upon receipt of the fee requested in this motion. (ECF No. 22, PageID.659, 662.) And this result is required by both the text of the EAJA and Supreme Court caselaw. *See* 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186 ("[W]here the claimant's attorney

receives fees for the same work under both section 206(b) of [the SSA] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."); *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal citations and alterations omitted)).

In sum, the law is clear: Phillips must refund the $7,144 EAJA fee to Mitchell immediately upon receipt of the $11,102.12 fee award ordered by this Court.

### III.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 22) in the amount of $11,102.12. The Court ORDERS Plaintiff's Attorney to refund to Plaintiff the $7,144 fee previously awarded by this Court under the EAJA immediately upon receipt of the $11,102.12 currently held by the SSA, which shall occur once Plaintiff's Attorney withdraws the pending petition under § 406(a). This is consistent with Phillips's contingency fee agreement, limiting any award of attorney's fees beyond the $11,102.12 the Court awards him today.

SO ORDERED.

Dated: May 15, 2020

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE